IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | CASE NO. 21-MJ-539 (RMM) |
| § | |
| THOMAS JOHN BALLARD § | |

**OPPOSITION TO GOVERNMENT'S MOTION
FOR REVIEW AND APPEAL OF RELEASE ORDER**

Pursuant to 18 U.S.C. 3145(b), Mr. Thomas Ballard, by and through counsel, respectfully files this Opposition to the Government's Motion for Review and Appeal of Release Order. On August 13, 2021, Magistrate Judge Hal Ray heard and denied the government's request to hold Mr. Ballard in pretrial custody, and instead ordered Mr. Ballard be released on pretrial conditions. The government has appealed that decision.

Mr. Ballard is charged by a multi-count complaint for events that allegedly occurred on January 6, 2021 at the Capitol building in Washington D.C. It is undisputed that in the thirty-six years of his life, Mr. Ballard has never been convicted, charged or arrested for any violent crime until the arrest for the instant offense. This fact, in combination with Mr. Ballard's history and characteristics indicates that Mr. Ballard does not present a serious risk of flight or a danger to the community. Mr. Ballard has significant ties to the Fort Worth-area, where he would be closely monitored under pretrial conditions. He lacks a passport and the financial means to flee, but has the modest means to transport himself to Washington D.C. as needed for court appearances. While Mr. Ballard does not have any personal connections to the District of Columbia, he does have a significant tie – his pending federal criminal case. Mr. Ballard has one felony conviction that is over ten years old; for which he successfully completed probation. For these and other reasons as

explained below, the Court should deny the government's request and affirm the decision of the Magistrate Judge.

## Legal Standard

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). When personal recognizance or an unsecured appearance bond are not sufficient, the court must consider imposing an alternative condition, or combination of conditions, that will assure the defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c).[1] Examples of alternative conditions courts may consider imposing include GPS monitoring, travel restrictions, stay away orders, a specified curfew, or a condition that the defendant refrain from associating from specific individuals. *See* 18 U.S.C. § 3142(c)(1)(B). Only in "*rare* circumstances should release be denied," and any "doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (emphasis added).

## Argument

The events that occurred on January 6, 2021 at the Capitol grounds were unlike anything this country has seen in recent history, and the allegations against Mr. Ballard are of the utmost serious nature. However, in the context of the factors listed in the Bail Reform Act, there exists a combination of conditions that reasonably assure Mr. Ballard's appearance in court, and ensure

---

[1] When imposing an alternative condition, or combination of conditions, the court must select the "least restrictive" condition(s). *See* 18 U.S.C. § 3142(c)(1)(B).

the safety of others and the community. The Government argues that Mr. Ballard cannot obey conditions of release because a "lack of regard for laws." Gov't's Motion, at 13. However, the Government makes that assertion in their motion without a supporting evidentiary basis.

In their motion, the Government asserts that Mr. Ballard's possession of a gas mask demonstrations advanced planning. The possession of a gas mask is not unlawful, and it is not a weapon. A gas mask is a defense against a weapon – one that is increasingly being used against citizens in even the most peaceful demonstrations of various political persuasions. The Government also asserts that Mr. Ballard brought a police baton with him to the event, in another demonstration of a planned attack. The Government has not presented any evidence that Mr. Ballard possessed a police baton before or after he is briefly filmed. There is evidence that several pieces of police equipment are used by multiple individuals at the same time as Mr. Ballard appears on camera. The Government also presents a screenshot of a single text message, as support to their argument that Mr. Ballard will ignore the conditions of pretrial release. The screenshot is presented to the Court without any context – it unknown who sent the message, who received the message, or if Mr. Ballard was even a participant in the original conversation.

Mr. Ballard works third-shift as a maintenance person at a food distribution center. In his spare time, he works on a small side business of motorcycle tire repair. He is not primarily self-employed. Mr. Ballard does not have a passport, any ties to a foreign country, or the financial ability to flee. *See* Pretrial Services Report.

The Court should reject any argument by the government that Mr. Ballard should be held because "of the danger he poses and his lack of regard for laws and authority," due to his criminal history. Gov't Mot. at 13. To the extent the government relies on Mr. Ballard's prior criminal

history, it is significant that Mr. Ballard successfully completed probation for his two sole prior convictions, which further indicates that he is amenable to community supervision. Additionally, Mr. Ballard has had no arrests or convictions for violent behavior prior to the instant offense. *See* Pretrial Services Report. In any event, a "defendant's prior criminal record is . . . *per se* insufficient to maintain a finding of dangerousness." *United States v. Cruz*, 363 F. Supp. 2d. 40, 46 (D.P.R. 2005). Any concerns about danger, unrelated to the offense charged, cannot be used as grounds to detain a defendant. *See United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).

WHEREFORE, for these reasons and any such reasons that may be presented at a hearing on this matter, Mr. Ballard respectfully requests that the Court should deny the government's request and affirm the decision of the Magistrate Judge.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

/s/ Andrea G. Aldana
ANDREA G. ALDANA
Assistant Federal Public Defender
Texas State Bar No.: 24111086
819 Taylor St., Room 9A10
Fort Worth, TX 76102
Phone: 817.978.2753
Email: andrea_aldana@fd.org